IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **HARRY MAIBEN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 09-0125-WS-B |
| | ) |
| **CSX TRANSPORTATION, INC.,** | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on defendant CSX Transportation, Inc.'s Motion to Stay (doc. 24). On April 22, 2009, the undersigned entered an Order (doc. 25) providing that any party opposing the Motion must file a response on or before April 29, 2009. To date, no responses have been filed; therefore, the Court presumes that the Motion is unopposed.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997).[1] "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936). Thus, in determining whether a stay is appropriate in a particular case, "the court, in its sound discretion, must assess and balance the nature and substantiality of the injustices claimed on either side." *Feld Entertainment, Inc. v. A.S.P.C.A.*, 523 F. Supp.2d 1, 3 (D.D.C. 2007) (citations omitted).

Here, CSX maintains that a stay is warranted because the Judicial Panel on Multidistrict

---

[1] *See also Dominguez v. Hartford Financial Services Group, Inc.*, 530 F. Supp.2d 902, 905 (S.D. Tex. 2008) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation ...."); *Utah v. Eli Lilly and Co.*, 509 F. Supp.2d 1016, 1019 (D. Utah 2007) (recognizing court's discretion to stay pending proceedings in order to save time and effort for parties and the court).

Litigation recently entered a Conditional Transfer Order that would have the effect of transferring this action to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings in the action styled MDL No. 875, *In re Asbestos Products Liability Litigation (No. VI)*.  Although the deadline for opposing the conditional transfer order has not yet expired, the lack of objection or response to the Motion to Stay by any party suggests that no objections to the proposed MDL transfer are forthcoming. It appears, then, that transfer of this action is imminent.  Furthermore, review of the court file reflects that staying this action pending transfer by the MDL Panel would promote the interests of efficiency and judicial economy, would mitigate the possibility of inconsistent results between sister courts, and would not prejudice the parties in any respect.

For these reasons, the Motion to Stay (doc. 24) is **granted** and these proceedings are hereby **stayed** pending transfer to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings.  If for any reason the MDL Panel elects not to transfer this action, the parties are **ordered** to notify the Court promptly of that determination so that the stay can be lifted, the case can be placed back on track, and a revised deadline can be set for submission of the parties' Rule 26(f) report.

DONE and ORDERED this 1st day of May, 2009.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE